## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **PAMELA STUBBS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:18-cv-00661-RDP** |
| | } | |
| **COMPASS BANK,** | } | |
| | } | |
| **Defendant.** | } | |
| | } | |

## MEMORANDUM OPINION

This matter is before the court on Defendant's Motion to Dismiss. (Doc. # 22). Defendant argues Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). After careful consideration, the court agrees with Defendant, but only with respect to two of Plaintiff's claims. Thus, as more fully explained below, Defendant's Motion to Dismiss is due to be granted in part and denied in part.

### I.      Factual and Procedural Background

Plaintiff Pamela Stubbs is an African American female employed by Defendant Compass Bank. (Docs. # 21 at ¶¶ 2-4, 14). In this action, she asserts claims of sex discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII") against Compass Bank. (*Id.* at ¶¶ 1, 4-15).

Compass hired Plaintiff in or about August 2007, and she remains a current employee of Compass. (Doc. # 21 at ¶ 4).[1] In support of her sex discrimination claim, Plaintiff alleges that she

---

[1] Plaintiff nowhere alleges in her Amended Complaint that she has ceased employment with Compass. In fact, the Amended Complaint affirmatively suggests that she remains an employee of Compass. *See* (Doc. # 21 at ¶ 14) (explaining that Jacqueline Ligon, a coworker whom Plaintiff alleges made defamatory remarks about her at

was treated differently and dealt with more harshly than one of her male coworkers. (*Id.* at ¶ 5). The incident began when Plaintiff became sick and took a few days off work. (*Id.*). Plaintiff claims that, at the request of her manager, Kelly Ellis, she immediately started receiving harassing calls from HR. (*Id.*). Upon her return, Plaintiff asserts she was "pulled into meetings with Team Lead Judy Jones and Manager Kelly Ellis concerning her attendance when she only had three occurrences." (*Id.*). By contrast, Plaintiff contends that a male coworker, Keitric Wiley, "was only given a verbal warning after his fifth occurrence." (*Id.*).

Plaintiff also alleges that Compass failed to pay her on one occasion because Ellis intentionally failed to submit her hours. (*Id.* at ¶ 6). Again, by contrast, she claims that a couple weeks later, Ellis told Wiley (Plaintiff's male coworker) to adjust his entries on the system and that she would approve his hours to ensure he was paid on time. (*Id.*).

Plaintiff also claims Compass retaliated against her in violation of Title VII. She alleges she complained to Kristen Metty that Ellis was making it difficult for her to meet department goals by assigning more difficult cases to her. (*Id.* at ¶ 8). Plaintiff also claims she complained about Ellis walking up behind her and firmly placing a hand on her shoulder. (*Id.* at ¶ 8). Plaintiff requested that Ellis stop this behavior and stated that she did not want Ellis touching her. (*Id.*). Subsequently, Plaintiff claims Ellis wrote negative statements in her evaluations (even though her Team Lead, Judy Jones, told Plaintiff there were no issues with her work). (*Id.* at ¶ 9). Plaintiff also claims she was accused of constantly falling below expected monthly production goals. (*Id.* at ¶ 10).

Finally, Plaintiff asserts a hostile work environment claim against Compass. In support of that claim, she alleges that for several months her coworker, Jacqueline Ligon, defamed her

---

work, "is still there and continuing the same behavior"). Additionally, Compass states in its motion to dismiss that Plaintiff "is a current employee of [Compass]." (Doc. # 22 at 1 n.1).

character by spreading rumors throughout the department that she (Plaintiff) had a sexually transmitted disease. (*Id.* at ¶ 14). Plaintiff also contends Ligon made offensive comments about her hair, clothing, and cleanliness. (*Id.*). Though Plaintiff claims Ligon's behavior was reported to HR and Compass's company handbook states that this type of behavior will not be tolerated, Plaintiff asserts that Ligon is still employed by Compass and continuing the same behavior. (*Id.*). Additionally, Plaintiff claims she overheard a coworker say that Ellis planned to fire her when she returned from vacation after Christmas. (*Id.* at ¶ 15).

Plaintiff filed this action on April 27, 2018, after she received her right to sue letter from the EEOC. (Doc. # 1). Compass responded by filing a motion to dismiss or, in the alternative, a motion for a more definite statement. (Doc. # 15). The court denied the motion to dismiss but granted the motion for a more definite statement and ordered Plaintiff to file an Amended Complaint. (Doc. # 16). Plaintiff filed an Amended Complaint (Doc. # 21), and Compass has now moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Doc. # 22).

## II.     Legal Standard

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not satisfy Rule 8, and neither do pleadings that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss,

courts view the allegations in the complaint in the light most favorable to the nonmoving party. *Watts v. Fla. International Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific, and to survive the motion, the allegations must permit the court, based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims must be dismissed. *Twombly*, 550 U.S. at 570.

### III.    Analysis

Compass argues all three of Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The court agrees with respect to Plaintiff's sex discrimination and retaliation claims. However, with respect to her hostile work environment claim, the court concludes that Plaintiff, who is *pro se*, is entitled to amend her Complaint one more time.

### A.  Plaintiff Has Failed to State a Claim for Sex Discrimination Under Title VII

Title VII makes it illegal for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Where, as here, a plaintiff fails to allege direct evidence of discrimination, the plaintiff may prove

discrimination by circumstantial evidence, using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To state a prima facie case of discrimination under that framework, a plaintiff must allege that (1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated employees more favorably; and (4) she was qualified to do the job. *See, e.g.*, *McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008).

Here, Plaintiff has failed to make any plausible allegations regarding the second element—that she was subjected to adverse employment action. Notably, an adverse employment action is not only an element of a Title VII prima facie case but also of the Title VII claim itself. *Holland v. Gee*, 677 F.3d 1047, 1056 (11th Cir. 2012). To suffer an adverse employment action, an employee must experience "a *serious and material* change in the terms, conditions, or privileges of employment." *Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001) (emphasis in original). An adverse employment action generally requires "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *McCone v. Pitney Bowes, Inc.*, 582 F. App'x 798, 800 (11th Cir. 2014) (citing *Davis*, 245 F.3d at 1239).

In connection with her sex discrimination claim, Plaintiff has only alleged that she was "pulled into meetings" with her team lead and manager to discuss her attendance and that Compass failed to pay her on one occasion. (Doc. # 21 at ¶¶ 5-6). She has not alleged adverse employment action of any other type. Eleventh Circuit precedent establishes that conduct of this sort does not constitute adverse employment action for purposes of a Title VII discrimination claim. *See, e.g.*, *McCone*, 582 F. App'x at 800 (holding that work assignment requiring

employee to be exposed to "unpleasant weather conditions and deprivation of office amenities" did not constitute adverse employment action); *Davis*, 245 F.3d at 1240-45 (holding that neither negative job performance memoranda placed in an employee's job file nor the removal of an "officer-in-charge" designation constituted adverse employment action, absent any economic injury); *Gillis v. Georgia Dep't of Corr.*, 400 F.3d 883, 888 (11th Cir. 2005) (holding that a poor performance evaluation can constitute adverse employment action where it *directly results* in the denial of a significant pay raise). Thus, Plaintiff has failed to allege an element of her Title VII sex discrimination claim, and the claim is due to be dismissed.

**B. Plaintiff Has Failed to State a Claim for Retaliation Under Title VII**

Title VII makes it illegal for "an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a). To state a prima facie case of retaliation under Title VII, a plaintiff must allege that: (1) she engaged in statutorily protected conduct; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected conduct. *Trask v. Sec'y, Dep't of Veterans Affairs*, 822 F.3d 1179, 1193-94 (11th Cir. 2016). Plaintiff has failed to adequately plead at least two of the three elements she must establish to state a claim for retaliation under Title VII.

**1. Plaintiff Has Failed to Allege That She Engaged in Statutorily Protected Conduct**

Title VII recognizes two forms of statutorily protected conduct. An employee is protected from retaliation if "(1) 'he has opposed any practice made an unlawful employment practice by this subchapter' (the opposition clause) or (2) 'he has made a charge, testified, assisted, or

participated in any manner in an investigation, proceeding, or hearing under this subchapter' (the participation clause)." *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1350 (11th Cir. 1999) (quoting 42 U.S.C. § 2000e–3(a)). Here, Plaintiff has not alleged that she engaged in any conduct that could conceivably fall under the participation clause. Thus, any retaliation claim advanced by Plaintiff must be based on the opposition clause.

To establish statutorily protected conduct under Title VII's opposition clause, a plaintiff must show that she "had a good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Howard v. Walgreen Co.*, 605 F.3d 1239, 1244 (11th Cir. 2010). This standard requires "both that [Plaintiff] subjectively believed that [Compass] engaged in unlawful discrimination and that [her] belief was *objectively* reasonable in light of the facts and record present." *Id.* (emphasis in original) (internal quotation marks omitted). Though Plaintiff "need not prove that the conduct [she] opposed was actually unlawful," "the reasonableness of [her] belief . . . must be measured against existing substantive law." *Id.* (internal quotation marks omitted).

Here, Plaintiff contends she made two complaints to her employer that could conceivably be statutorily protected activity, both involving conduct by her manager, Kelly Ellis. First, she alleges she complained that Ellis made it difficult for her to meet department goals by assigning more difficult cases to her. Second, Plaintiff alleges she complained about Ellis walking up behind her and firmly placing a hand on her shoulder. Even assuming that Plaintiff subjectively believed Ellis's actions were unlawful sex discrimination (and the court notes her Amended Compliant does not say this), her belief could not have been objectively reasonable. As explained above, an adverse employment action is an element of any Title VII discrimination claim. For the reasons explained above in Part III.A of this Opinion, the only conduct Plaintiff complained

of (her manager's conduct in assigning more difficult cases to her and placing a hand on her shoulder) cannot reasonably be viewed as adverse employment action. Therefore, Plaintiff cannot have had an objectively reasonable belief that she was opposing an unlawful employment practice by complaining about her manager's conduct. *See Howard*, 605 F.3d at 1244-45 (holding that an employee's belief that he had opposed an unlawful employment practice could not be objectively reasonable where the practice he complained about did not involve an adverse employment action).

### 2.   Plaintiff Has Failed to Allege She Suffered an Adverse Employment Action

As a result of her two complaints discussed above, Plaintiff claims her manager wrote negative statements in her evaluations and that she was accused of constantly falling below expected monthly production goals. But for the reasons explained above in Part III.A of this Opinion, such conduct does not constitute adverse employment action for purposes of Title VII. *See Davis*, 245 F.3d at 1240-45 (holding that negative job performance memoranda placed in an employee's job file did not constitute adverse employment action, absent any economic injury).

Because Plaintiff has failed to adequately plead two of the three elements she must establish to state a prima facie of retaliation under Title VII, her retaliation claim is due to be dismissed.

### C.  Plaintiff May Replead Her Title VII Hostile Work Environment Claim

"To establish a hostile work environment claim under Title VII, a plaintiff must show that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of . . . employment and create an abusive working environment.'" *Trask v. Sec'y, Dep't of Veterans Affairs*, 822 F.3d 1179, 1195 (11th Cir. 2016) (quoting *Gowski v. Peake*, 682 F.3d 1299, 1311 (11th Cir.2012)) (omission in original). To state a prima facie case of hostile work environment, a plaintiff must allege that: "(1) he or she

belonged to a protected group, (2) he or she was subjected to unwelcome harassment, (3) the harassment was based on a protected characteristic, (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of his or her employment and create an abusive working environment, and (5) a basis exists for holding the employer liable." *Id.*

Plaintiff alleges that for several months a coworker, Jacqueline Ligon, spread false rumors that Plaintiff had a sexually transmitted disease and made offensive comments about her hair, clothing, and cleanliness. She claims Ligon's behavior was reported to HR but that Ligon continues to work for Compass and engage in the same behavior. Plaintiff also claims she once overheard a coworker say that her manager, Kelly Ellis, planned to fire her when she returned from vacation.

In their present form, Plaintiff's allegations in her Amended Complaint do not plausibly state a hostile work environment claim because she has failed to allege the third element of such a claim—that the harassment she was subjected to by Ligon and Ellis was based on a protected characteristic, such as her race or sex. As to the other four elements, however, Plaintiff's allegations do state a plausible claim for relief. She belongs to a protected group by virtue of her race and sex, and she claims to have been subjected to unwelcome harassment. Moreover, the harassment described in her complaint allegedly occurred over a period of several months and continues into the present. Such allegations do not amount to the "isolated incidents" of harassment that justify rejecting a hostile work environment claim at the motion-to-dismiss stage. *Arafat v. Sch. Bd. of Broward Cty.*, 549 F. App'x 872, 874 (11th Cir. 2013) (affirming dismissal of hostile work environment claim based on isolated incident of harassment). And finally, Plaintiff's allegations provide an arguable basis for holding her employer liable because she allegedly reported the harassment to HR and Compass allegedly took no remedial action. *See*

*Little v. CRSA*, No. 17-13887, 2018 WL 3913480, at *3 (11th Cir. Aug. 15, 2018) (explaining that an employer may be directly liable for a hostile work environment "if it knew or should have known of the harassing conduct but failed to take prompt remedial action"). Because Plaintiff has failed to adequately allege only one element of a Title VII hostile work environment claim, the court, mindful of her *pro se* status, will grant her one final opportunity to replead her hostile work environment claim. To be clear, Plaintiff must allege sufficient facts to show that she was subjected to harassment on the basis of a protected characteristic, such as her race or sex.[2]

## IV. Conclusion

After careful review, the court concludes that Defendant's Motion to Dismiss (Doc. # 22) is due to be granted in part and denied in part. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this October 18, 2018.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[2] Compass also argues Plaintiff's hostile work environment claim should be dismissed because she failed to exhaust her administrative remedies. Compass claims the fact that Plaintiff only checked the "retaliation" box on her EEOC charge, without checking the box for any other discriminatory basis such as race or sex, means that her hostile work environment claim exceeds the scope of her EEOC charge. But that is wrong. The factual allegations contained in Plaintiff's EEOC charge are the same ones that give rise to her hostile work environment claim. *See* (Doc. # 21 at 5) (alleging that Jacqueline Ligon spread rumors that Plaintiff has a sexually transmitted disease and made other offensive comments concerning her hair, clothes, and cleanliness). The court will not permit a paperwork error to take precedence over the substance of Plaintiff's EEOC charge. *See Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) ("[T]he district court did not err in finding that [the plaintiff's] retaliation claim was not administratively barred by her failure to mark the retaliation space on the EEOC template form" because "[t]he facts alleged in her EEOC charge could have reasonably been extended to encompass a claim for retaliation.").